UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARLOS CELLERI,

                     Plaintiff

    -against-                                         **DECLARATION**

DETECTIVE RODRIGUEZ,
(SHIELD NO. 1164. 3RD PRECINCT,
SUFFOLK COUNTY) DETECTIVE JAMES
MIHALIK, SHIELD NO. 1110                          04CV581
(3RD PRECINCT, SUFFOLK COUNTY)
DETECTIVE THOMAS M. GRONEMEN
SHIELD NO. 518 (3RD PRECINCT,
SUFFOLK COUNTY),

                     Defendants.
------------------------------------------------------------X

        MICHAEL T. HOPKINS, being duly sworn deposes and says:

        1.      I am a partner in the law firm of Hopkins & Kopilow, assigned *pro bono* counsel in the above captioned civil rights lawsuit brought pursuant to Title 42 U.S. Code § 1983.

        2.      Attached hereto are the following exhibits submitted in opposition to the defendants' Rule 56 motion[1].

        A.      Plaintiff's Affidavit dated February 25, 2008.

        B.      Plaintiff's *Pro Se* Amended Complaint notarized October 20, 2004. The Court's attention is drawn to the allegations of an assault by a police officer (Det. Rodriguez). The assault is described as including

---

[1]    Please note: since the defendants/movants (hereafter "movants") used numbers to identify their exhibits, letters will be used for the plaintiff's exhibits.

1

       a beating in or about the head and face of the plaintiff.

C.     Answer dated December 22, 2004 to amend a complaint. The Court's attention is drawn to the absence of any affirmative defenses regarding *res judicata,* collateral estoppel and/or issue preclusion.

D.     Notice of Claim sworn to November 20, 2002. The Cout's attention is drawn to the allegation of an assault with injury.

E.     Notice of Claim sworn to February 27, 2003. The Cout's attention is drawn to the allegations of an assault, strangling, punching in the face, etc.

F.     Suffolk County Police Department (hereafter "SCPD") Internal Affairs Bureau (hereafter "IAB") case report dated Deember 16, 2003. The Court's attention is drawn to the acknowledgment at p. 2 thereof that during an audio taped telephone interview of the plaintiff by a member of IAB, Mr. Celleri stated that he was "...strangled around the neck...".

G.     The Criminal Trial Transcript dated September 11, 2002 of the criminal complainant, Ms. Andrea Rodriguez.[2] The Court's attention is drawn to the repeated comments of Ms. Rodriguez that her hands were constantly held down by herself (in order to protect her herself) or by the plaintiff herein. There is no testimony that she ever choked the plaintiff or grabbed the gold chain which the plaintiff wore around his neck at the time.

---

[2]The criminal complainant is not related to the defendant Det. Rodriguez.

H.  Criminal Trial Transcript dated September 12, 2002 with Ms. Rodriguez's continued testimony. See comments to Exhibit "G".

I.  SCPD Form 1165-b - Signed Statement Form of Ms. Rodriguez dated December 13, 2001. Said statement was taken by the defendant Det. Rodriguez and the complainant's signature was notarized by co-defendant Det. Mihalik. The Court's attention is drawn to the absence of any statement by Ms. Rodriguez that she choked or hit the plaintiff in or about the neck or grabbed the gold chain which the plaintiff wore at the time around his neck.

J.  SCPD Form 1084-c - Supplementary Report dated December 13, 2001 created by P.O. Dougherty memorializing his interaction with Ms. Rodriguez. The Court's attention is drawn to the absence of any statement by Ms. Rodriguez that she choked or hit the plaintiff in or about the neck or grabbed the gold chain which the plaintiff wore at the time around his neck.

K.  Huntley Hearing Transcript dated March 28, 2002 containing the testimony of P.O. Dougherty. The Court's attention is drawn to the absence of any testimony by P.O. Dougherty of bruises, abrasions, marks, etc. in or about the person of the plaintiff on December 13, 2001 whilst at 2 Church Street and in particular, the absence of any testimony regarding said injuries to the neck.

L.  Criminal Trial Transcript dated September 13, 2002 containing the testimony of P.O. Dougherty and Detective Lilly. See comments to

Exhibit "K". The Court's attention is also drawn to Det. Lilly's comments that he saw no injuries on the person of the plaintiff as of 10:30 a.m. on December 13, 2001..

M. P.O. Dougherty Memo Book dated September 13, 2001. See comments to Exhibit "K". (Deposition Exhibit "13").

N. SCPD Form 2032-e - Prisoner Activity Log dated December 13, 2001. The Court's attention is drawn to the entries at 09:15 and 09:45 in particular which note the absence of any visible injuries to the plaintiff after he first arrives at the 3rd Precinct. (Deposition Exhibit "8").

O. Huntley Hearing Transcript dated April 11, 2002 containing the testimony of Det. Rodriguez.

P. Huntley Hearing Transcript dated April 18, 2002 containing the testimony of Det. Rodriguez. The Court's attention is drawn to the Detective's statement that the plaintiff wore a green "T" shirt, i.e. without a collar, when the plaintiff was first seen at the 3rd Precinct by Det. Rodriguez; that he could see (on the person of the plaintiff) marks (i.e. abrasions) all around the plaintiff's neck to the extent that the marks were not otherwise covered by the gold chain which the plaintiff was wearing; further, that he made these observations even while the plaintiff wore his green "T" shirt in the Third Squad Interrogation Room.

Q. Criminal Trial Transcript dated September 18, 2002 containing the testimony of Det. Rodriguez and Det. Lilly. The Court's attention is

drawn to Det. Rodriguez's statement that the criminal complainant never told Det. Rodriguez that she pulled the chain worn around the plaintiff's neck. The Court's attention is further drawn to the testimony of Det. Lilly that he saw no injuries on the person of the plaintiff.

R. SCPD Form 7129 notes made by Det. Rodriguez of the "...numerous scratches (i.e. abrasions) all around neck...". The Court's attention is drawn to the depiction of the "scratches" even around the front of the plaintiff's neck (Deposition Exhibit "5").

S. SCPD Internal Affairs Report dated October 10, 2003 signed by Det. Rodriguez acknowledging that he saw the plaintiff bleeding from the lip, although the bleeding was not profuse. (Deposition Exhibit "7").

T. Series of four photographs taken by SCPD after the assault of the plaintiff by the defendant Det. Rodriguez. The Cout's attention is drawn to the marks (abrasions) which are located high and all around the plaintiff's neck. (Deposition Exhibits "1-4").

U. Blowup of Deposition Exhibit "1" clearly showing blood around the lower lip of the plaintiff (Deposition Exhibit "9").

V. SCPD photograph showing the plaintiff holding the gold chain which he wore about his neck from the time of his encounter with Ms. Rodriguez through his assault and processing at the Third Precinct Squad Interrogation Room.[3]

---

[3] The plaintiff is only in possession of a black and white copy of said photograph which was recently disclosed by the Suffolk County District

W.   May 8, 2002 Order of Hon. Michael F. Mullen.

Dated: Garden City, New York
       February 25, 2008

                                        Respectfully Submitted

                                        HOPKINS & KOPILOW
                                        BY: *[signature]*
                                        Michael T. Hopkins (MH8855)
                                        Garden City Center
                                        100 Quentin Roosevelt Blvd.
                                        Suite 220
                                        Garden City, New York 11530
                                        (516) 747-4770

---

Attorney. Unfortunately, same is a double exposure.