COURT EXHIBIT

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARLOS CELLERI,

                    Plaintiff,

    - against -

DETECTIVE JOHN RODRIGUEZ,
DETECTIVE JAMES MIHALIK, and
DETECTIVE THOMAS M. GRONEMAN,

                    Defendants.
------------------------------------------------------------X

04-CV-581 (RRM) (ETB)

MAUSKOPF, United States District Judge.

## VERDICT SHEET

According to the principles of law as charged by the Court and the facts as you find them, please answer the following questions. Your answer to each question must be unanimous.

**Section I:**    **Excessive Force**

1. Did Carlos Celleri prove, by a preponderance of the evidence, that Detective John Rodriguez deprived him of the right to be free from the use of excessive force?

    Yes _____

    No   X

If you answered "No" to Question 1, you have entered a verdict for all of the Defendants on the Plaintiff's excessive force claim, and you should proceed to Question 5. **Do not** answer questions 2, 3, or 4A through 4C.

If you answered "Yes" to Question 1, answer Questions 2, 3, 4A through 4C, and then proceed to Question 5.

10.8.09

2. Did Carlos Celleri prove, by a preponderance of the evidence, that Detective Thomas Groneman is responsible for the excessive force used by Detective John Rodriguez, based on his role as a supervisory officer?

        Yes  _____

        No  _____

3. Did Carlos Celleri prove, by a preponderance of the evidence, that either of the following Defendants is responsible for the excessive force used by Detective John Rodriguez, based on the failure by one or both of those Defendants to intervene to stop or prevent Detective Rodriguez's use of excessive force?

|  | **YES** | **NO** |
|---|---|---|
| Detective Thomas Groneman | _____ | _____ |
| Detective James Mihalik | _____ | _____ |

4A. Did Carlos Celleri prove, by a preponderance of the evidence, that he suffered any injury that was proximately caused by the deprivation of his right to be free from the use of excessive force by Detective John Rodriguez, Detective Thomas Groneman, and/or Detective James Mihalik?

        Yes  _____

        No  _____

2



4B. If your answer to Question 4A was "Yes," what sum of money do you award to Carlos Celleri to fairly compensate him for any injury that was proximately caused by the deprivation of his right to be free from the use of excessive force by Detective John Rodriguez, Detective Thomas Groneman, and/or Detective James Mihalik?

$ _____

4C. If your answer to Question 4A was "No," you must award nominal damages, not to exceed one dollar.

$ _____

### Section II:   Failure to Treat a Serious Medical Need

5. Has Carlos Celleri proven, by a preponderance of the evidence, that any of the following Defendants knew of a serious medical need of the Plaintiff and was deliberately indifferent to that need?

|  | YES | NO |
|---|---|---|
| Detective John Rodriguez | _____ | __X__ |
| Detective Thomas Groneman | _____ | __X__ |
| Detective James Mihalik | _____ | __X__ |

**If your answer to Question 5 was "No" with regard to all three Defendants, you have entered a verdict for the Defendants on Plaintiff's claim for failure to treat a serious medical need. Do not answer Questions 6A through 6C.**

**If your answer to Question 5 was "Yes" as to one or more Defendants, proceed to Questions 6A through 6C only with respect to that Defendant or Defendants.**


10.8.09

3

6A. Did Carlos Celleri prove, by a preponderance of the evidence, that he suffered any injury that was proximately caused by the deliberate indifference of Detective John Rodriguez, Detective Thomas Groneman, and/or Detective James Mihalik to Carlos Celleri's serious medical need?

Yes _____

No _____

6B. If your answer to question 6A above was "Yes," what sum of money do you award to Carlos Celleri to fairly compensate him for any injury that he suffered as a result of the deliberate indifference by Detective John Rodriguez, Detective Thomas Groneman, and/or Detective James Mihalik to Plaintiff's serious medical need?

$ _____

6C. If your answer to question 6A above was "No," you must award nominal damages, not to exceed one dollar.

$ _____

**Section III:   Punitive Damages**

**You are to consider punitive damages only against a Defendant who you have found liable on one or both of Plaintiff's claims.**

7A. Do you find that Carlos Celleri has proven, by a preponderance of the evidence, that punitive damages are appropriate?

Yes _____

No   X

10.8.09 (M)
M TH

4

7B.  If your answer to question 7A is "Yes," then state the dollar amount of your punitive damages award.

| | |
|---|---|
| Detective John Rodriguez | $ _____ |
| Detective Thomas Groneman | $ _____ |
| Detective James Mihalik | $ _____ |

**WHEN YOUR DELIBERATIONS ARE COMPLETE, HAVE THE FOREPERSON SIGN AND DATE THE VERDICT SHEET, AND NOTIFY THE COURTROOM DEPUTY CLERK IN WRITING THAT YOU HAVE REACHED A VERDICT. THE FOREPERSON SHOULD KEEP THE VERDICT SHEET UNTIL THE JURY RETURNS TO THE COURTROOM TO RENDER ITS VERDICT.**

Signed: _____        Dated: 8 Oct, 2009
        Jury Foreperson

10.8.09
NTH.